In the Matter of Edward Gerald Lackey, Bankrupt.

Edward Gerald LACKEY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 75–2192.

United States Court of Appeals, Fourth Circuit.

Argued June 9, 1976.

Decided June 29, 1976.

Linwood L. Davis, Winston Salem, N. C. (Womble, Carlyle, Sandridge & Rice, Winston Salem, N. C., on brief), for appellant.

Francis J. Gould, Atty., Tax Div., Dept. of Justice, Washington, D. C. (Norwood C. Tilley, Jr., U. S. Atty., Greensboro, N. C., Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Karl Schmeidler, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BUTZNER and WIDENER, Circuit Judges.

PER CURIAM:

This is an appeal by a bankrupt, Edward Lackey, from an order of the District Court for the Middle District of North Carolina which held that a debt owed by Lackey to the United States in the amount of $164,333 is a nondischargeable debt under section 17(a) of the Bankruptcy Act, 11 U.S.C. § 35(a)(1).

Lackey was President and Chief Executive Officer of American Truck Lines, Inc. and was responsible for the collection and remission of the income tax withholding and FICA taxes of employees of American. Beginning in 1969, American failed to pay these withheld taxes to the government during four successive quarters. The Internal Revenue Service thereafter made an assessment against Lackey, pursuant to 26 U.S.C. § 6672.[1]

Lackey subsequently filed a voluntary petition in bankruptcy. The United States timely filed a proof of claim with the Bankruptcy Court to recover the above mentioned claim. Lackey then began an adversary proceeding in the Bankruptcy Court to determine whether the debt in question was subject to discharge in bankruptcy. The Bankruptcy Court held that the claim was not dischargeable and the district court affirmed.

Upon careful consideration of the briefs, the record, and the oral argument, we conclude the court below was correct in holding the section 6672 debt was not dischargeable in bankruptcy. *In Re Murphy*, 381 F.Supp. 813 (N.D.Ala.1974).

*AFFIRMED.*

1. That section reads:

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."